SHAWN C. WESTRICK, SBN 235313
swestrick@kswlawyers.com
KAWAHITO SHRAGA & WESTRICK LLP
1990 S. Bundy Dr., Ste. 280
Los Angeles, CA 90025
Tel: 310.746.5300
Fax: 310.593.2520

Attorneys for Plaintiff
RUSSELL ACOSTA

REBECCA EISEN, SBN 96129
reisen@morganlewis.com
THERESA MAK, SBN 211435
tmak@morganlewis.com
Morgan, Lewis & Bockius, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001

Attorneys for Defendant
PETSMART, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| RUSSELL ACOSTA, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PETSMART, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. CV 11-9307 JAK (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Request For Rule 26(c) Protective Order ("Stipulation") filed on May 8, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the

pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1, 2.1, 3, 5.3(a), and 5.3(b) of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as CONFIDENTIAL or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be**

**provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## TERMS OF PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action **may** involve production of confidential, proprietary, or private information for which **the** protection from public disclosure and from use for any purpose other than prosecuting this litigation **may** be warranted.

2. DEFINITIONS

2.1 Party/**Parties**: any party/**parties** to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staffs).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

     2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored, or maintained) or tangible things that contain proprietary information or trade secrets (as defined under Cal. Civ. Code section 3426), including, but not limited to, training materials.

     2.4    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Designating Party.

     2.5    <u>Action or "This Action"</u>:  refers to the above-captioned action and to no other action.

     2.6    <u>Designating Party</u>:  a Party or non-Party that produces Disclosure or Discovery Material in This Action and designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

     2.7    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

     2.8    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in This Action.

     2.9    <u>In-House Counsel</u>:  attorneys who are employees of a Party.

     2.10    <u>Counsel (without qualifier)</u>:  Outside Counsel and In-House Counsel (as well as their support staffs).

     2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in This Action and who is not a past or a current employee of a Party or **its** competitor and who, at the time of retention, is not anticipated to become an employee of a Party or **its** competitor.  This definition includes a professional jury or trial consultant retained in connection with This Action.

     2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or

demonstrations; organizing, storing, **or** retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, or compilations thereof, plus **deposition** testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.

4. DURATION

This Protective Order will remain in effect until modified either by written agreement **of the Parties** or by order of the Court as provided herein. Even after the termination of This Action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

The provisions of this Protective Order are without prejudice to any application by any Party at any time, on notice, for a modification or dissolution of or relief from this Protective Order or any provision thereof.

5. DESIGNATING PROTECTED MATERIAL

Any Party may in good faith designate as Protected Material, and subject to this Protective Order, any document, information, or material that is either (i) produced during discovery proceedings in This Action, or (ii) generated by a Party in This Action, including but not limited to, answers to interrogatories and responses to any request for the production of documents, which constitute or contain proprietary or sensitive business, personal or personnel information or any extracts or summaries thereof. Any Party may also move the Court for an order designating as Protected Material, and subject to this Protective Order, any such document, information, or material. The other Party/Parties shall not unreasonably

oppose such motion.

   5.1   Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g*., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions.

If it comes to the attention of a Party or non-Party that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2   Manner and Timing of Designations: Except as otherwise provided in this Protective Order (*see, e.g.*, second paragraph of section 5.3(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced.

   5.3   Designation in conformity with this Protective Order requires:

      (a)   For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating

6

Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted .

     A Party or non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Protective Order, then, before producing the specified documents, the Designating Party must affix the appropriate legend ("CONFIDENTIAL") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

          (b)    <u>for testimony given in deposition</u>, that the Party or non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, all protected testimony.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-Party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to twenty (20) days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection

within the twenty (20) days shall be covered by the provisions of this Protective Order.

**Deposition** transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-Party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

5.4 Inadvertent Failures to Designate: An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

Acceptance by any Party of discovery material designated as Protected Material shall not constitute a concession that any such discovery material is appropriately so designated.

6.1 Meet and Confer: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by identifying the information in question and specify the

reason(s) for the objection. Within ten (10) days of the receipt of this objection, the Parties shall meet and confer in accordance with Civil Local Rule 37-1 in an effort to resolve the disagreement. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties may only proceed to the next stage of the challenge process only if they have engaged in this meet and confer process first.

    6.2 <u>Judicial Intervention</u>: If the Parties are unable to resolve their dispute, the Parties may file a joint stipulation pursuant to Civil Local Rule 37-2 within thirty (30) days from the day the challenging Party informed the Designating Party of its objection to a confidentiality designation. Pursuant to Civil Local Rule 37-2.2, the Designating Party must prepare and deliver the Designating Party's portion of the joint stipulation and counsel for the challenging Party must prepare and deliver the challenging Party's portion of the stipulation within seven (7) days of receipt of the Designating Party's papers. Along with the joint stipulation, each Party may submit supplemental memorandum under the guidelines sets forth in Civil Local Rule 37-2.3. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all Parties shall continue to treat the material as confidential.

    6.3 <u>Time of Challenge</u>: The Receiving Party must notify the Designating Party of a challenge to the designation no later than thirty (30) days prior to the discovery cut-off in This Action except where special circumstances (such as a designation first received late in discovery period) justify a later challenge.

///

7. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1 <u>Basic Principles</u>:  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle This Action.  The Receiving Party shall not use Protected Material for any other purpose except upon written consent of the Designating Party or order of this Court, unless the Protected Material was obtained by the Party using such Protected Material both lawfully and independently of the Designating Party.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>:  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party shall hold in confidence information or items marked "CONFIDENTIAL" and shall not reveal, discuss, or disclose in any manner, in any form, to any person or entity other than:

    (a) the Receiving Party's Outside Counsel of record in This Action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

    (c) experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and only if they sign the "Acknowledgement and Agreement to Be Bound by Protective

Order," attached hereto as Exhibit A;

    (d) the Court and its personnel (including, without limitation, members of the jury);

    (e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and only if they sign the "Acknowledgement and Agreement to be Bound by Protective Order," attached hereto as Exhibit A;

    (f) during their depositions, witnesses in This Action to whom disclosure is reasonably necessary and only if the witnesses sign the "Acknowledgement and Agreement to Be Bound by Protective Order," attached hereto as Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

    (g) the author of the document or the original source of the information.

  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in This Action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.

  The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In

11

addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in This Action to disobey a lawful directive from another court.

9.  UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately:  (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies (and the original, if it was given out) of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.

10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in This Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. If any Party disputes a confidential designation of motion papers or exhibits, then that Party must notify the Designating Party of that dispute in writing. If the Parties are unable to resolve their dispute, the Party who designated the motion papers,

exhibits or other court filings as Protected Material will move the Court, within a period of time that is reasonable in light of the schedule for proceedings on such motion or other filing, for an order approving the confidential designation and the non-moving Party may oppose such motion. If timely made, the designated material shall be deemed confidential material until the issue is resolved by the Court.

### 11.   FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Designating Party, within sixty days after the final termination of This Action, each Receiving Party must return all Protected Material to the Designating Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. The Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above. Moreover, Counsel shall not use any such archival copies that contain or constitute Protected Material in any way in any other matter,

including in any other case, action or proceeding unless otherwise ordered by the Court or agreed to in writing by the Designating Party.

12. MISCELLANEOUS

12.1 Right to Modify: Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections: By **having** stipulat**ed** to the **Court's** entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO ORDERED.**

DATED: July 16, 2012

*Margaret A. Nagle*

_____

MARGARET A. NAGLE

UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY

PROTECTIVE ORDER

I, _____ of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Protective Order") that was issued by the United States District Court for the Central District of California on July 16, 2012, in the case of *Russell Acosta v. PetSmart Inc.*, Case No. CV 11-9307 JAK (MANx). I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions thereof.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]